Daniel Lickel, Esq. (SBN 224510)
1102 Cesar Chavez Parkway
San Diego, CA 92113
Phone: (858) 952-1033
Fax:  (619) 546-0792

*Attorney for Plaintiff Sachiyo Takasawa*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHIYO TAKASAWA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERRIMAN INVESTMENTS, LLC, a Delaware limited liability company; and ROSEN & LOEB, a California Partnership,<br><br>Defendants. | Case No. **'13CV0938 H     BGS**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>**(2) VIOLATIONS OF THE CALIFORNIA ROSENTHAL UNFAIR DEBT COLLECTION PRACTICES ACT;**<br>**(3) VIOLATION OF THE CALIFORNIA IDENTITY THEFT STATUTEL; AND**<br>**(4) UNJUST ENRICHMENT** |

## **INTRODUCTION**

1.  Plaintiff Sachiyo Takasawa, through her counsel, brings this action to challenge the acts of Defendants Merriman Investments, LLC and Rosen & Loeb, regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damage.


2. This action seeks to remedy Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. This is also an action to declare that Plaintiff is a victim of identity theft and for actual damages, statutory damages, injunctive relief, attorney fees and costs brought by an individual under California Civil Code §§ 1798.92-1798.97 which is expressly designed to protect victims of identity theft from creditor collections on debts arising out of the theft of an individual's identity.

4. Plaintiff makes her allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and violations of the California Rosenthal Unfair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("Rosenthal Act").

7. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person, adult, and a resident of San Diego County, California.

10. Plaintiff is informed and believes and based thereon alleges that Defendant Merriman Investments, LLC also known as Merrimen Investments, LLC, is a Delaware limited liability company, doing business in the state of California, County of San Diego.

11. Plaintiff is informed and believes and based thereon alleges that Defendant Rosen & Loeb is a California General Partnership doing business in San Diego California. Plaintiff is informed and believes that attorney Steven Loeb is a partner in that partnership.

12. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is thus a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is thus a "debtor" as that term is defined by Federal Law.

16. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing to such person, and is thus a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as these terms are defined by California Civil Code § 1788.2(f).

## FACTS COMMON TO ALL CLAIMS

18. Plaintiff is informed and believes, and thereon alleges that on a date or dates unknown to Plaintiff, an individual or individuals used Plaintiff's personal identifying information

without authorization to obtain credit, goods, services, money, or property from HOUSEHOLD BANK.

19. Plaintiff is informed and believes, and thereon alleges that on a date unknown to Plaintiff, an individual or individuals fraudulently obtained a revolving credit account, namely a consumer credit account issued by HOUSEHOLD BANK in the name of Plaintiff (hereinafter "the fraudulent account").

20. Plaintiff is informed and believes, and thereon alleges that the fraudulent account was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

21. At no time did Plaintiff use or possess the credit card charge plate or the goods, services, money, or property obtained on the fraudulent account.

22. On May 5, 2005, an action was filed against Plaintiff in the San Diego Superior Court, Central Division. The complaint was filed by CACV of Colorado, LLC by and through its attorneys ("CACV").

23. Plaintiff is informed and believes, and thereon alleges that CACV misrepresented the character, amount or legal status of the alleged debt in the complaint it filed.

24. CACV filed a false proof of service and based thereon obtain a default judgment that was false on its face. Plaintiff in fact did not receive any notice or learn of the action until many years later.

25. The proof of service associated with the summons and complaint filed by CACV falsely states that personal service was accomplished on May 19, 2005.

26. The address on the proof of service was a commercial address, which at the time service was effected was the location of a Mail Boxes Etc.

27. As of May 19, 2005, Plaintiff was not using a mailbox at that site, did not work there, and essentially had no reason whatsoever to be found at that location.

28. In addition to claiming to have served her personally, the Proof of Service described Plaintiff as a 35 year-old woman when in fact she was 25 on the date service listed.

29. Subsequently, default judgment was entered against Plaintiff and sometime after that Defendant purchased and/or was assigned the rights to the default judgment.

30. Plaintiff is informed, believes and thereon alleges that after receiving the assignment, Defendants attempted to collect the fraudulent account from Plaintiff, an action that could not lawfully be taken.

31. In late April of 2012, and in an attempt to collect on the default judgment, Defendant had Plaintiff's bank account levied.

32. Plaintiff first learned of the levy when she discovered that the funds held in her bank account had been frozen and were inaccessible. This occurred on or after April 23, 2013.

33. In order to complete the levy, Defendant Rosen & Loeb submitted a Writ of Execution and a Notice of Levy to the Sherriff of the County of Los Angeles directing the Sheriff to enforce the judgment entered against Plaintiff by taking funds from her bank account at CitiBank. A true and correct copy of these documents is attached as **Exhibit A**. The documents have been redacted to hide the social security number disclosed therein. These documents were obtained by Defendant on about May 1, 2012 when they were delivered to her by CitiBank officers.

34. The actions taken to levy Plaintiff's bank account were taken by Defendant Merriman and its attorneys Rosen & Loeb. As a result of these actions, Defendants obtained $280.71 and caused Defendant to incur a fee of $125.00.

35. These actions were a violation of 15 U.S.C. 1692e(2), 1692f(1) and 1692e(10) in that the levy involved the collection of a debt that Defendant was not legally authorized to collect in light of the fact that the judgment was void for lack of service of process and because the underlying debt was never owed by Defendant in that it was incurred as a result of identity theft.

36. It was also about April 23, 2012 that Plaintiff learned that the action originally filed by CACV, was allegedly pending against her.

37. At her own costs, Plaintiff went to the Superior Court of San Diego to obtain a copy of the court's filings for the case. The court files revealed a proof of personal service that was obviously false in that it showed that personal service was effected at a commercial address that had been a Mail Boxes Etc. at the time service was allegedly effected. A true and correct copy of

that proof of service is attached as **Exhibit B**. The proof of service actually does not say personal service was effected. The process server only states that the documents were served on the party or "person authorized to receive service of process for the party".

38. On or about April 23, 2012, Plaintiff filed a police report with the San Diego Police Department regarding his claim of identity theft, pursuant to Cal. Penal Code § 530.5, and in accordance with Cal. Civil Code §§ 1788.18(a)(1) and 1798.92(d). The incident number is 12040040013 and the case number is 12015889. Plaintiff also filed a complaint with the Federal Trade Commission about the same time, which was assigned number 36864079.

39. Plaintiff then obtained legal representation from attorney Daniel Lickel, Esq., ("Lickel"). Thereafter, on May 11, 2012, Lickel sent a letter to Defendant Rosen & Loeb requesting a stipulation to set aside the Entry of Default and Default Judgment that had been entered against the Plaintiff in this action on the ground that the judgment was void.

40. The letter explained that proof of service was false and could easily be proven so. Defendants made no response to the letter. A true and correct copy of the letter sent by Lickel is attached hereto as **Exhibit C**.

41. As a result of Defendants' failure to agree to set aside the default judgment, Lickel then filed on behalf of Plaintiff a motion to vacate the judgment on the ground that it was void for lack of service of process.

42. Defendants opposed the motion and filed a declaration in opposition to the motion which claimed that personal service had been completed. Attorney Steven Loeb signed the declaration declaring that he had personal knowledge that "service of the summons and complaint was completed by a licensed, fully registered and bonded process server on May 19, 2005."

43. Defendants restated, ratified and adopted as their own the false statements contained in the Proof of Service of Summons and argued that "[Plaintiff herein] was served by way of personal service, by a licensed and bonded process server at her last known address, which was 3707 5th Avenue, San Diego, CA." These statements violated sections 1692e(2), and 1692e(10) of the FDCPA.

44. Defendants opposition failed and the Superior Court of San Diego agreed with Defendant and vacated the judgment on or about 9/19/2012. A true and correct copy of the Court's minute order vacating the judgment is attached hereto as **Exhibit D**.

45. Despite being served with notice of the court's order, Defendants continued the lawsuit.

46. On October 10, 2012, Lickel sent a letter notifying Defendant that the alleged debt was not owed by Plaintiff because it was incurred as a result of identify theft. This notice was given in accordance with Cal. Civil Code § 1798.93. A true and correct copy of the letter giving this notice is attached hereto as **Exhibit E**.

47. In that same letter Lickel also requested that Defendant return the monies it had levied from Plaintiff's account in Defendant's attempt to collect on a void judgment and pay the fee of $125.00 that was incurred by Plaintiff as a result of the levy.

48. During the course of the litigation, Wendy Williams, a staff person of Defendant Rosen & Loeb admitted that they had three different social security numbers associated with Plaintiff's name.

49. At about the same time, Lickel also served Defendants written discovery requests and a request for bill of particulars. About one month later, Defendants dismissed the complaint, but despite repeated requests by telephone failed to return the levied funds.

50. By failing to return the money demanded, Defendant has violated 15 U.S.C. section 1692(f)(1). Its actions in retaining funds to which it was not entitled constitutes an unfair or unconscionable attempt to collect a debt that it had no right to collect.

51. By failing to return the money, Defendants continue to collect from Plaintiff by forcing her to take further legal action in order to retrieve the money. As a result, Plaintiff remains subject indefinitely to Defendant's collections on a fraudulent account and the false accusations and characterizations that Plaintiff is responsible for the fraudulent account.

52. Plaintiff is informed and believes, and thereon alleges that Defendant has failed to diligently investigate Plaintiff's notification of identity theft.

53. As a further consequence of Defendants actions levying Plaintiff's bank accounts, Defendant caused Plaintiff's financial affairs to spin out of control, in that the money levied was

needed to make payments on her debts owed to CitiBank where she held her bank account. The failure to make those payments on time cause her to incur further late fees, and penalties which made it impossible for her to catch up in light of her limited income and expenses.

54. As a result, Plaintiff's credit score was negatively impacted and Plaintiff's financial affairs thrown into disarray as she no longer has access to credit and has incurred and continues to incur actual damages as a result of the collection actions and statements of Defendants.

## FIRST CLAIM FOR RELIEF
## (Violations of the FDCPA)
## (Against all Defendants)

55. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

56. Based on information and belief, Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. *15 U.S.C. §1692e(2)* by making a false representation of the character, amount, or legal status of the alleged debt when Defendant filed papers to execute a levy against Plaintiff's bank account; and

   b. *15 U.S.C. §1692f(1)* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt where the amount attempted to be collected is not expressly authorized by the agreement creating the debt or permitted by law; and

   c. *15 U.S.C. §1692e(10)* by using a false representation or deceptive means to collect or attempt to collect any debt.

57. As a proximate result of each and every violation of the FDCPA committed by Defendant, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount of at least $10,000.00; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

///

///

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act)

### (Against Merriman Investments)

58. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

59. Based on information and belief, Defendant's acts and omissions violated California Civil Code § 1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

   a. *15 U.S.C. §1692e(2)* by making a false representation of the character, amount or legal status of the alleged debt; and

   b. *15 U.S.C. §1692f(1)* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt where the amount attempted to be collected is not an expressly authorized by the agreement creating the debt or permitted by law; and

   c. *15 U.S.C. §1692e(10)* by using a false representation or deceptive means to collect or attempt to collect any debt.

60. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

61. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a) in an amount of at least $10,000.00; statutory damages in an amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

## THIRD CLAIM FOR RELIEF

### (Identity Theft)

### (Against All Defendants)

62. Plaintiff brings the third cause of action against Defendant pursuant to California Civil Code §§ 1798.92-1798.97.

63. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. Defendant is a "claimant" as that term is defined by Cal. Civil Code § 1798.92(a).

65. Plaintiff is a victim of "identity theft" as that term is defined by Cal. Civil Code § 1798.92(b) and Cal. Penal Code § 530.5.

66. An unauthorized individual opened a fraudulent account using Plaintiff's "personal identifying information" as that term is defined by Cal. Civil Code § 1798.92(c).

67. Plaintiff seeks a declaratory judgment against Defendant to establish that Plaintiff is a "victim of identity theft" in connection with Plaintiff's claim against Defendant, pursuant to Cal. Civil Code § 1798.93(c)(1).

68. Some time after April of 2012, Plaintiff provided written notice to Defendant that a situation of identity theft might exist and explaining the basis for that belief. A true and correct copy of that correspondence is attached hereto as **Exhibit E.**

69. Thereafter, Defendant failed to diligently investigate Plaintiff's notification of a possible identity theft.

70. Defendant continued to attempt to collect an alleged debt from Plaintiff by refusing to return the monies it had levied from Plaintiff's account, even after it was presented with facts that entitle Plaintiff to a declaratory judgment pursuant to Cal. Civil Code § 1798.93(c)(1).

71. Plaintiff provided written notice to Defendant that Plaintiff was a "victim of identity theft."

72. Pursuant to Cal. Civil Code § 1798.93(c)(1), Plaintiff is entitled to a declaration that she is not obligated on any claim of Defendant's, or to any of its assignees or purchasers.

73. Pursuant to Cal. Civil Code § 1798.93(c)(5), Plaintiff is entitled to recover her actual damages, attorney's fees, and costs from Defendant.

74. Pursuant to Cal. Civil Code § 1798.93(c)(6), Plaintiff is entitled to a civil penalty of up to the jurisdictional limit of this limited civil action, which is $25,000.00 against Defendant for its failure to diligently investigate Plaintiff's claims that she is a victim of identity theft.

///

///

# FOURTH CLAIM FOR RELIEF
## (Unjust Enrichment)
## (Against All Defendants)

75. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. To prevail on an unjust enrichment claim, the plaintiff must establish that the defendant received a benefit and that it would be unjust to allow the defendant to keep that benefit at the plaintiff's expense.

77. As stated above, Defendants received money at Plaintiff's expense when Defendants J levied Plaintiff's bank accounts after obtaining a default judgment against her.

78. There is no contractual basis for Defendants to retain this money.

79. Said enrichment by Defendants was unjust in that neither Defendants had any legal right to claim to that money.

80. Plaintiff therefore requests the court also utilize its equitable powers to order Defendants to return the monies they levied from Plaintiff's bank account; as it would be unjust to permit his enrichment in this manner at Plaintiff's expense.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff in the amount of at least $10,000.00;
2. An award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for Plaintiff;
3. An aware of actual damages pursuant to California Civil Code § 1788.30(b) against Defendants and for Plaintiff in the amount of at least $10,000.00;
4. An award of statutory damages of $ 1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiff;
5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant; and

**6.** Such other and further relief this court may deem just and proper.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED: __4/19/2013 _____     _/s/ Daniel Lickel_____
                              DANIEL LICKEL
                              Attorney for Plaintiff